IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CODY JAMES DANIEL, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:23-cv-00030-O-BP |
| § | |
| GOLDMAN SACHS BANK USA, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are a Motion to Dismiss and Memorandum in Support filed by Goldman Sachs Bank USA ("GSB") on March 17, 2023. ECF Nos. 16, 17. After considering the pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** GSB's Motion (ECF No. 16) and **DISMISS** Plaintiff's claims **WITHOUT PREJUDICE**.

I.  **BACKGROUND**

Plaintiff Cody James Daniel ("Daniel") seeks relief from GSB's default judgment entered against him on February 28, 2022, in a state court collection lawsuit for his unpaid GSB account. ECF Nos. 1 at 1, 17 at 2. Daniel alleges that he requested a Rule 12 hearing in his state court action, but that the judge would not schedule that hearing. ECF No. 1 at 2-3. He alleges that he filed a jurisdictional challenge to the action, but the same judge canceled the hearing after he signed an order granting GSB's Motion for Default on February 23, 2022. *Id.* at 3. Daniel asserts that he then filed a Motion to Vacate, but the judge never responded and again would not set a hearing. *Id.* at 4. He also claims that GSB acted with malice, willfully, and with the desire to harm him. *Id.*

Daniel filed this instant suit to void the Parker County Court at Law judgment against him; obtain the return of $16,212 that he alleges was "wrongfully garnished"; recover $2.5 million dollars in damages; and for the judge in his state court action to be reported for judicial misconduct. *Id.* at 7. GSB filed the Motion to Dismiss (ECF No. 16), and the undersigned reminded Daniel that he had to respond to the Motion on or before April 7, 2023 or risk a ruling on the Motion without his response. ECF No. 18. To date, Daniel has not responded to the Motion, and it is ripe for review.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim for relief, Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Rather, the complaint must include enough facts "to raise a right to relief above the speculative level" with the court operating "on the assumption that all the complaint's allegations are true." *Id.*

When examining the pleadings of *pro se* parties, courts have wide interpretive latitude. "'However inartfully pleaded,' *pro se* complaints must be held to 'less stringent standards than formal pleadings drafted by lawyers . . . .'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). Nonetheless, "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

District courts "can grant a motion to dismiss only if it appears beyond doubt that the

plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Leffall v. Dall. Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994)). Thus, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007). When considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

In ruling on a motion to dismiss, courts may consider documents outside the complaint that are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Additionally, courts may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.").

There is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977)). It is federal policy to decide cases on the merits rather than technicalities, and thus when possible, the Fifth Circuit recommends suits be dismissed

without prejudice on Rule 12 motions. *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002); *Hines v. Wainwright*, 539 F.2d 433, 434 (5th Cir. 1976). As a result, courts generally allow plaintiffs at least one opportunity to amend following a Rule 12 dismissal on the pleadings, "unless it is clear that the defects are incurable." *Great Plains Tr. Co.*, 313 F.3d at 329. An "incurable defect" may arise when a complaint's facts are "not actionable as a matter of law." *Taubenfeld v. Hotels.com*, 385 F. Supp. 587, 592 (N.D. Tex. 2004). In such situations, amendment would be futile, and dismissal with prejudice is appropriate. *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).

Rule 12(h) authorizes a party to move for judgment on the pleadings under Rule 12(c) for failure to state a claim at any time in the proceeding unless such timing would cause undue delay. *See* Fed. R. Civ. P. 12(c), (h). If a party moves under Rule 12(c) to dismiss an action for failure to state a claim, courts treat the motion as a Rule 12(b)(6) motion in all relevant respects and apply the same standards to the analysis. *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004).

### III. ANALYSIS

#### A. The *Rooker-Feldman* doctrine precludes Daniel from collaterally attacking the state court judgment here.

GSB urges dismissal under the *Rooker-Feldman* doctrine because Daniel seeks to avoid a final state court judgment. ECF No. 17 at 4. GSB argues that Daniel's proper recourse was with the state appellate courts, not this Court. ECF No. 17 at 5.

76Daniel's state court judgment is a final one under *Rooker-Feldman* because the deadline to appeal the February 2022 judgment in state court has long expired. Tex. R. App. P. 26.1(a). "The *Rooker–Feldman* doctrine bars a district court from exercising subject matter jurisdiction in an action it would otherwise be empowered to adjudicate if the federal plaintiff seeks to overturn a state judgment." *Morris v. Am. Home Mortg. Servicing, Inc.*, 443 F. App'x 22, 24 (5th Cir.

4

2011) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 291 (2005)); *see also Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir. 1994) (stating that under the *Rooker-Feldman* doctrine, "federal district courts lack jurisdiction to entertain collateral attacks on state court judgments"). "When issues raised in a federal court are 'inextricably intertwined' with a state judgment and the court is 'in essence being called upon to review the state-court decision,' the court lacks subject matter jurisdiction to conduct such a review." *Davis v. Bayless*, 70 F.3d 367, 375 (5th Cir. 1995) (quoting *United States v. Shepherd*, 23 F.3d 923, 924 (5th Cir. 1994)). The doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon*, 544 U.S. at 284. Dismissals under the *Rooker-Feldman* doctrine should be without prejudice since the doctrine deprives the Court of subject-matter jurisdiction over the plaintiff's claim. *Wise v. Wilmoth*, 2017 WL 3267924, at *5-6, *17 (N.D. Tex. July 3, 2017), *rec. adopted* 2017 WL 3267727 (N.D. Tex. July 31, 2017). Because Daniel's allegations are "inextricably intertwined" with the state court's judgment, Judge O'Connor should dismiss his claims under *Rooker-Feldman*. *Shepherd,* 23 F.3d at 924.

Even if the *Rooker-Feldman* doctrine did not bar Daniel's complaint, his case should be dismissed for failure to state a claim. Daniel purports to bring his complaint pursuant to Federal Rule of Civil Procedure 60, an action that is procedurally improper. Rule 60 applies only to relief from federal court judgments. *Ates v. Stephens,* No. A-13-CA-446-SS, 2014 WL 1600395 at *1 n.1 (W.D. Tex. Apr. 21, 2014), *rec. adopted* 2014 WL 2722194 (W.D. Tex. June 13, 2014); *Johnson v. Dir., TDCJ-CID,* No. 6:10CV498, 2010 WL 4720883 at *2 (E.D. Tex. Sept. 29, 2010), *rec. adopted* 2010 WL 4720872 (E.D. Tex. Nov. 15, 2010). Because Daniel's allegations and relief sought all arise from a state court judgment, Rule 60 does not apply, and dismissal is proper.

Daniel asserts that the state court judge and GSB's counsel, Zwicker & Associates, P.C., proximately caused his damages due to "negligence, malice, wantonness, recklessness, and/or intentional conduct." *Id.* at 5. GSB argues that this conclusory language fails to tie any specific factual allegations to GSB's own conduct that would support any legal claim against it. ECF No. 17 at 6. Daniel's complaint states insufficient facts to establish this claim.

> **B.  Daniel's complaint of a "violation of public policy" fails to state a claim for which the Court can grant relief.**

Daniel alleges in his complaint that

> the contract between [GSB] and [him] is not enforceable as it goes against Public Policy, Public Law 89-485, section 3, states no entity operating under the "National Bank Act," as amended, is permitted to conduct business or accept a deposit in the United States. [GSB] is a Foreign Banking Corporation not permitted to contract in any US State, with any US Citizen, or with any non-affiliates. [GSB] is not permitted to conduct business with the United States per 12 U.S.C. 615, 12 C.F.R. 211.6, and 12 U.S.C. 378.

ECF No. 1 at 6. GSB asserts that this claim is nonsensical. ECF No. 17 at 8. None of the statutes Daniel cites support the argument that state-chartered banks cannot conduct business with American citizens or within the United States. *Id.*

Daniel's erroneous statement that banks such as GSB cannot enter into contracts does not properly allege any violation nor does he sufficiently plead a claim for relief from the Court. *Twombly,* 550 U.S. at 570. The Public Law that Daniel cites only provides the definition of a bank and states that a bank means "any institution that accepts deposits"… and does not include "any organization operating under section 25 or section 25(a) of the Federal Reserve Act, or any organization that does not do business within the United States. Bank Holding Act, Pub. L. No. 89-485, § 3, 39 Stat. 755, 41 Stat. 378 (1966).

Sections 25 and 25(a) of the Federal Reserve Act provide for the rights of national banks

6

to "apply for permission to exercise powers such as investing in foreign banking corporations" and for the establishment of "international banking and financial corporations operating under Federal supervision with powers sufficiently broad to enable them to compete effectively with similar foreign-owned institutions in the United States and abroad." 12 U.S.C. §§ 601 and 611a. Daniel misinterprets the text and does not allege any facts to support a claim that GSB violated any public policy by contracting or doing business in the United States. Accordingly, any public policy claim should be dismissed.

### IV. CONCLUSION

Dismissal is proper because the *Rooker-Feldman* doctrine precludes Daniel from collaterally attacking his state court judgment in federal court, and Federal Rule of Civil Procedure 60 does not apply to such a collateral attack. Further, Daniel does not plead any facts to support a claim that this court can remedy. For these reasons, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** GSB's Motion (ECF No. 16) and **DISMISS** Daniel's claims **WITHOUT PREJUDICE**.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and

legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on June 9, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE